## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Edward D. Stahlmann, | Case No. 0:18-cv-3130 (WMW/HB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Ramsey County Community Corrections, Ramsey County Sheriff's Office, County of Ramsey, Ramsey County Adult Detention Center | |
| Defendants. | |

Edward D. Stahlmann, 2607 Burke Avenue East, North St. Paul, MN 55109, *pro se*

Kimberly Parker, Ramsey County Attorney's Office, 121 Seventh Place East, Suite 4500, St. Paul, MN 55101, for Ramsey County Defendants

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Defendants Ramsey County Community Corrections, Ramsey County Sheriff's Office, County of Ramsey, and Ramsey County Adult Detention Center (collectively the "County Defendants") Motion to Dismiss Plaintiff Edward Stahlmann's Complaint ("Motion to Dismiss") [Doc. No. 4]. The motion has been referred to the undersigned pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. *See* (Order for Referral [Doc. No. 8].) For the reasons stated below, the Court recommends granting the County Defendants' Motion to Dismiss to the extent it seeks dismissal of Plaintiff's claims, but recommends the dismissal as to Ramsey

County be without prejudice.

## I.    Background

Plaintiff alleges four counts against the County Defendants: (1) violation of his right to counsel, (2) cruel and unusual punishment, (3) failure to provide adequate mental health care, and (4) failure to provide adequate medical care.  (Notice of Removal Ex. A [Doc. No. 1-1 ¶¶ 21–24].[1])  As discussed below, given the liberal treatment afforded *pro se* submissions, the Court construes these allegations as *Monell* claims[2] under 42 U.S.C. 1983.

### A.  Procedural History

On July 10, 2018, Plaintiff filed a Complaint in Ramsey County District Court seeking damages against the Minnesota Department of Corrections and the County Defendants.  The Complaint alleged various constitutional violations and a failure to provide adequate mental health and medical care while he was being held at the Ramsey County Adult Detention Center. *See* (Compl.)  On October 8, 2018, and based on a stipulation reached by the Plaintiff and the Minnesota Department of Corrections, Ramsey County District Court Judge Leonardo Castro dismissed all claims against the Minnesota Department of Corrections with prejudice. (Notice of Removal Ex. B [Doc. No. 1-1 at 10].)

---

[1] The Court references Exhibit A, pages five to nine, as the "Complaint."  When referencing the exhibits, CM/ECF pagination is used.

[2] In *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), the Supreme Court held that local governments are not immune from all 42 U.S.C. § 1983 suits, and may be held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." 436 U.S. at 694.

The County Defendants subsequently removed the case to federal court on November 7, 2018, *see* (Notice of Removal [Doc. No. 1]), and moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). (Motion to Dismiss.) On November 14, 2018, the undersigned ordered that Plaintiff's response to Defendant's motion to dismiss be filed no later than December 7, 2018, and Defendant's reply be filed no later than fourteen days after Plaintiff's response. No response was filed by Plaintiff, and on December 27, 2018, the Court took Defendant's motion under advisement on the papers. (Dec. 27, 2018, Order [Doc. No. 10].)

## B. Allegations in the Complaint

Plaintiff alleges that on June 26, 2018, he was on supervised release in the community and became "very suicidal." (Compl. ¶ 6.) Two days later, Plaintiff's Supervising Agent from Ramsey County Community Corrections issued a warrant for Plaintiff in response to a violation of his supervised release. (Compl. ¶ 7.) Plaintiff turned himself in on the warrant at the Sherburne County Jail and was transported to Mercy Hospital due to his unstable mental condition and ingestion of approximately 100 Excedrin pills. (Compl. ¶¶ 9–10.) Plaintiff was then transferred to Unity Hospital, at which time Minnesota Department of Corrections officers began supervising Plaintiff.

Plaintiff asserts that the next day, the Department of Corrections overrode Unity Hospital's desire to admit Plaintiff for a psychological evaluation and transported Plaintiff to the Ramsey County Adult Detention Center. (Compl. ¶ 12.) Plaintiff was booked and placed in a suicide cell, on suicide watch, and was not allowed to use a telephone to contact legal counsel or notify his family of his location. (Compl. ¶ 13.)

3

The following day, Plaintiff began to bang his head against the wall of his cell. (Compl. ¶ 14.) When this behavior was noticed by staff, Adult Detention Center deputies placed Plaintiff in a restraint chair, but did not evaluate him for a possible concussion despite Plaintiff's complaints of nausea, headache, light-headedness, and blurred vision. (Compl. ¶¶ 15–16.)

Plaintiff states that he was returned to his cell on suicide watch and was not allowed access to a telephone until July 3, 2018—five days after turning himself in to the Sherburne County Jail. (Compl. ¶ 18.) A few days later, on July 7, 2018, Plaintiff was placed on "23-hour restriction" for using another inmate's PIN number in violation of the jail's telephone policy. (Compl. ¶ 19.) Plaintiff states he was not allowed out of his cell until July 9, 2018, amounting to over 36 hours in a cell with no access to a shower or recreational activities. (Compl. ¶ 20.)

Plaintiff alleges that the County Defendants violated his "right to counsel," inflicted cruel and unusual punishment on him, failed to provide adequate mental health care, and failed to provide adequate medical care. (Compl. ¶¶ 21–24.) Plaintiff seeks five million dollars "in pain and suffering, for having to endure days of un-treated mental health symptoms, when the Defendants were aware of the serious mental health crisis." (Compl. at 8.)

### C. Defendant's Motion to Dismiss

The County Defendants have moved to dismiss Plaintiff's Complaint under Rule 12(b)(6) for failing to state a legal claim. (Ramsey County Defs.' Mem. in Supp of Mot. to Dismiss Compl., "Mem. in Supp." [Doc. No. 4].) First, the County Defendants assert

4

that Ramsey County is the only entity named in the lawsuit that is capable of being sued. (Mem. in Supp. at 5.)  Moreover, to the extent Plaintiff asserts *Monell* claims against Ramsey County, the County Defendants argue that Plaintiff has failed to plead the necessary elements to give rise to liability under *Monell*.  (Mem. in Supp. at 5–7.) "Because Plaintiff has failed to allege any of the elements required to establish *Monell* liability," the County Defendants ask the Court to dismiss Plaintiff's claims with prejudice.  (*Id.* at 6.)  In addition, the County Defendants argue that Plaintiff's Complaint fails to allege sufficient facts to establish that the County Defendants violated Plaintiff's right to counsel or his right to be free from cruel and unusual punishment, or violated his rights in the manner in which they addressed his medical needs.[3]  (Mem. in Supp. at 7–16.)

## II.     Discussion

### A.     Legal Standard

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The Court "must take the well-pleaded allegations of the complaint as true, and construe the

---

[3] Because the Court concludes that Plaintiff's Complaint fails to state a claim under *Monell*, it does not address the County Defendant's alternate theories for dismissal.

complaint, and all reasonable inferences arising therefrom, most favorably to the

pleader." *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986); *see also Butler v. Bank of

Am., N.A.*, 690 F.3d 959, 961 (8th Cir. 2012). However, the plaintiff must plead facts

sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at

555. Labels, bare conclusions, and formulaic recitations of the elements are not enough.

*Id.* That is, "[a] pleading that offers labels and conclusions or a formulaic recitation of

the elements of a cause of action will not do. Nor does a complaint suffice if it tenders

naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678

(internal quotation marks and citations omitted) (second alteration in original).

When a party is *pro se*, the court has the duty to liberally construe that party's

pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Nevertheless, a *pro se* litigant

must "still allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364

F.3d 912, 914 (8th Cir. 2004) (citations omitted). That is, "the Court may not supply

additional facts or fashion a legal theory that assumes facts that have not been pleaded."

*Benjamin v. Experian Info. Sols., Inc.*, No. 14-cv-810 (JRT/JJG), 2014 WL 3509044, at

\*2 (D. Minn. July 15, 2014) (Graham, Mag. J., as adopted by Tunheim, J.) (citing *Stone*,

364 F.3d at 914–15).

**B.    Analysis**

As a threshold matter, Plaintiff's failure to respond to Defendants' motion

"demonstrates a lack of interest in this case and an abandonment of his claims." *See In re

Baycol Prod. Litig.*, MDL No. 1431 (MJD/SRN), 2007 WL 3028272, at \*2 (D. Minn.

Oct. 15, 2007) (Nelson, Mag. J., as adopted by Davis, J.). On this basis alone, the Court

6

could recommend dismissal. The Court, however, does not premise its recommendation solely on this basis and reviews the substance of Defendants' 12(b)(6) motion.

Critically, Plaintiff has not named any individuals as defendants, either in their personal or official capacities, instead naming only Ramsey County and certain of its departments as defendants. (Compl. ¶¶ 3–5.) In the absence of any factual allegations directed to specific named individuals, there can be no facially plausible individual capacity claims. *Cf. Iheme v. Hennepin County Sheriff Dep't*, No. 12-cv-2269 (DWF/JJK), 2012 WL 8023743, at *3 (D. Minn. Nov. 6, 2012) (Keyes, Mag. J.) ("In order to state an actionable § 1983 claim . . ., the complainant must describe a set of facts showing what the named defendant itself actually did (or failed to do)" (emphasis omitted)), *adopted by* 2013 WL 1881606 (May 6, 2013) (Frank, J.). Furthermore, the County Defendants cannot be held liable under 42 U.S.C. § 1983 on a theory of *respondeat superior. See Bell v. Kansas City Police Dept.*, 635 F.3d 346, 347 (8th Cir. 2011) ("*respondeat superior* is inapplicable to claims under 42 U.S.C. § 1983."). The only claims that can be asserted under 42 U.S.C. § 1983 against a governmental entity are claims under *Monell* and its progeny. *See Monell*, 436 U.S. 658 at 496. Therefore, the Court must review Plaintiff's Complaint to determine whether it adequately pleads *Monell* claims against the County Defendants.

The Court first observes that Ramsey County Community Corrections, the Ramsey County Sheriff's Office, and the Ramsey County Adult Detention Center are not legal entities capable of being sued, whether under *Monell* or otherwise. *Flores v. United States*, 689 F.3d 894, 899 n.4 (8th Cir. 2012). Because Plaintiff cannot raise cognizable

7

claims against non-suable entities, the Court recommends that these defendants be dismissed with prejudice. *See, e.g.*, *De La Garza v. Kandiyohi Cty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001); *see also Robertson v. Minnesota*, No. 16-cv-2578 (ADM/HB), 2016 WL 11198359, at *12 (D. Minn. Dec. 19, 2016) (Bowbeer, Mag. J.) (recommending dismissal with prejudice of claims against non-suable entities), *as adopted* 2017 WL 131742 (Jan. 13, 2017) (Montgomery, J.).

Ramsey County, however, is an entity capable of being sued, so the Court turns to the question of whether Plaintiff has pleaded a viable *Monell* claim against Ramsey County. "Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Paroda v. Anoka Cty.*, 332 F.Supp.3d 1229, 1239 (D. Minn. 2018) (citing *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013)). But here, Plaintiff has failed to allege that any of his claims arise from an official Ramsey County policy, an unofficial custom, or a deliberate indifference to train or supervise employees. *See* (Compl. ¶¶ 6–20.) Thus, Plaintiff has failed to allege the fundamental elements of a claim for relief under *Monell*.

Moreover, even giving Plaintiff's allegations the reasonable inferences they are due, at most Plaintiff has alleged facts pertaining to isolated incidents. But "[g]enerally, an isolated incident of alleged . . . misconduct . . . cannot, as a matter of law, establish a municipal policy or custom creating liability under § 1983." *Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013). In other words, there is insufficient factual

enhancement to allow a reasonable inference that the alleged behavior goes beyond the alleged isolated incidents, which is also fatal to Plaintiff's *Monell* claims. *Id.*

Thus, Plaintiff's allegations fail to state a claim upon which relief can be granted, and his Complaint against Ramsey County should be dismissed for this reason. That said, the Court does not recommend that the Complaint as against Ramsey County be dismissed with prejudice, as sought by the County Defendants. "[T]he Eighth Circuit and [courts in this District] generally favor dismissals under Rule 12(b)(6) without prejudice, at least where there is no evidence of persistent pleading failures." *Milliman v. Cty. Of Stearns*, No. 13-cv-136 (DWF/LIB), 2013 WL 5426049, at *16 (D. Minn. Sept. 26, 2013) (Brisbois, Mag. J., as adopted by Frank, J.) (citing cases). This is a not a situation in which there have been persistent pleading failures. Indeed, as far as the Court is aware this is Plaintiff's first Complaint addressing these allegations. Consequently, the Court will recommend that Plaintiff's Complaint, insofar as it seeks to assert claims against Ramsey County, be dismissed without prejudice. *Cf. De La Garza*, 18 F. App'x at 437.

## III.   Recommendation

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1.   Defendants Ramsey County Community Corrections, Ramsey County Sheriff's Office, County of Ramsey, and Ramsey County Adult Detention Center's Motion to Dismiss [Doc. No. 2] be **GRANTED**;

2.   Plaintiff's claims against Defendants Ramsey County Community Corrections, Ramsey County Sheriff's Office, and Ramsey County Adult Detention Center be **DISMISSED with prejudice**; and

3.    Plaintiff's claims against Defendant Ramsey County be **DISMISSED**

    **without prejudice.**


Dated: April 9, 2019

/s *Hildy Bowbeer*
HILDY BOWBEER
United States Magistrate Judge


# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the Report and Recommendation. A party may respond to the objections within fourteen days after being served with a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c)(1).